UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL ASNAKE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DEUTSCHE BANK NATIONAL TRUST COMPANY, *et al.*, <br><br> Defendants. | Civil Action No. 18-819 (JEB) |

**MEMORANDUM OPINION**

*Pro se* Plaintiffs Daniel Asnake and Wacca Merid have lived at 5727 16th Street, N.W., here in Washington, for over 23 years. For approximately the last ten of those years, Defendants Deutsche Bank National Trust Company and Specialized Loan Servicing were the mortgagee and servicer, respectively, for a mortgage secured by the Property. After Plaintiffs defaulted on the mortgage, Deutsche Bank commenced foreclosure proceedings against them and, eventually, obtained court authorization for their eviction. In an attempt to remain in the Property, Plaintiffs brought this suit claiming that the doctrine of adverse possession protects their rights. Defendants now move to dismiss on three grounds: standing, failure to state a claim, and claim preclusion. Finding that Plaintiffs have standing, but do not meet the statutory requirements for adverse possession, the Court will grant the Motion.

**I.      Background**

As it must at this stage, the Court treats all facts in the *pro se* Complaint and Opposition as true. See Graves v. Callahan, 253 F. Supp. 3d 330, 332-33 (D.D.C. 2017). The Court may also take judicial notice of "public records," such as deeds and other court proceedings, without

1

converting a motion to dismiss into one for summary judgment.  See Avila v. CitiMortgage, Inc., 45 F. Supp. 3d 110, 117 (D.D.C. 2014) (quoting Kaempe v. Myers, 367 F.3d 958, 965 (D.C. Cir. 2004)).

Plaintiffs, husband and wife, have lived at the Property for at least 23 years.  See Compl., ¶¶ 1-2.  On January 13, 2006, Asnake conveyed his interest in the Property to Merid, making her the sole owner.  See MTD, Exh. 1 (Asnake Deed).  Ten days later, Merid refinanced an existing mortgage for the amount of $675,000 through a deed of trust.  Id., Exh. 2.  In 2011, the deed of trust was assigned to Deutsche Bank.  Id., Exh. 3.  At some point, Merid defaulted on the loan, and in 2015, Deutsche Bank appointed substitute trustees to begin foreclosure proceedings in the Superior Court for the District of Columbia.  Id., Exh. 4.  In October of that year, the Bank sought foreclosure by judicial sale pursuant to D.C. Code § 42-816.  Id., Exh. 5.

On June 14, 2017 — two years later — the Superior Court granted summary judgment in favor of Deutsche Bank, accompanied by an order allowing it to proceed with a judicial sale.  Id., Exh. 6.  One month later, Merid quitclaimed any "right, title, interest, claim, or demand" that she may have had in the Property to the Indigenous American Land Trust backdated to October 28, 2015.  Id., Exh. 7 (IAL Trust Deed).  On August 2, 2107, Deutsche Bank purchased the Property at a public foreclosure auction.  Id., Exh. 8.  The Superior Court ratified the sale on November 9, 2017, giving Merid 30 days to appeal.  Id., Exh. 9.  She did not do so, and the Property was conveyed to Deutsche Bank on December 14, 2017.  Id., Exh. 8.

On March 15, 2018, Plaintiffs filed a claim for adverse possession in Superior Court.  On April 10, Defendants removed the matter to federal court and now move to dismiss.

## II. Legal Standard

Defendants challenge the jurisdiction of this Court to hear the claim as well as the merits, invoking the legal standards for dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). To survive a motion to dismiss under Rule 12(b)(1), Plaintiffs bear the burden of proving that the Court has subject-matter jurisdiction to hear their claims. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992); U.S. Ecology, Inc. v. U.S. Dep't of Interior, 231 F.3d 20, 24 (D.C. Cir. 2000). A court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." Grand Lodge of the Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). For this reason, "'the [p]laintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." Id. at 13-14 (quoting 5A Charles A. Wright & Arthur R. Miller, Fed. Practice & Procedure § 1350 (2d ed. 1987)) (alteration in original). Additionally, unlike with a motion to dismiss under Rule 12(b)(6), the Court "may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction." Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1253 (D.C. Cir. 2005); see also Herbert v. Nat'l Acad. of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992).

Federal Rule of Civil Procedure 12(b)(6), conversely, provides for the dismissal of an action where a complaint fails to "state a claim upon which relief can be granted." Although the notice-pleading rules are "not meant to impose a great burden upon a plaintiff," Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005), and "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), "a complaint must contain sufficient factual matter, [if] accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation

3

marks and citation omitted). The plaintiff must put forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and there must be "more than a sheer possibility that a defendant has acted unlawfully." Id.

### III. Analysis

Defendants argue that this case should be dismissed because Plaintiffs lack standing, do not meet the requirements for adverse possession, and should be precluded from bringing this action because the validity of their possession has already been decided. The Court addresses the first two below and, finding that Plaintiffs have not adversely possessed the Property, declines to evaluate the third.

A. Standing

In conducting its standing analysis, the Court assumes, as it must, that Plaintiffs are, in fact, adverse possessors. See In re Navy Chaplaincy, 534 F.3d 756, 760 (D. C. Cir. 2008). Defendants contend that "[b]oth Plaintiffs conveyed away their 'interests' in the Property long before a 15 year period of adverse possession could accrue" and, consequently, have no standing to sue. See MTD at 5. While their premise is correct, their conclusion is not. Asnake did, indeed, convey his interest to Merid in 2006, making her the sole owner. See Asnake Deed. And, in 2017, Merid conveyed her interest to the IAL trust. See IAL Trust Deed. Defendants thus claim that "[t]he only party . . . with even theoretical standing to raise a claim is the IAL trust." Mot. at 6. Such a conclusion, however, is antithetical to the doctrine of adverse possession. That doctrine allows a person who occupies, but does not own, real property to acquire valid title. The entire idea of the doctrine is built on the understanding that the claimant will not have deed interest in the property, but is nonetheless a possessor. See Auer Park Corp., Inc. v. Derynda, 601 N.W.2d 841, 843 (Wis. Ct. App. 1999) ("In an adverse possession, the only

4

parties who generally have standing are the property's titleholder and the party claiming adverse possession."); Duleep v. DePaul, 2004 WL 1558260 (Conn. Super. Ct. June 22, 2004) (rejecting defendants' contention that plaintiff lacked standing "because she d[id] not have any right, title and interest" in the property). The Court thus finds that Plaintiffs have standing.

    B.  <u>Merits</u>

Defendants next maintain that Plaintiffs have not met their burden to demonstrate adverse possession. Under D.C. law, a party claiming adverse possession must show "actual, open and notorious, exclusive, continuous, and hostile possession of the premises" for fifteen years. <u>Smith v. Tippett</u>, 569 A.2d 1186, 1190 (D.C. 1990); <u>see also</u> D.C. Code § 16-1113. If successful, the adverse possessor gains perfect title to the property. According to Defendants, Plaintiffs "have failed to allege the requisite hostility" for the statutory time period. <u>See</u> MTD at 4. The Court agrees.

As the name suggests, adverse possession requires the possessor to be "adverse" to the actual owner — *i.e.*, "possession that is opposed and antagonistic to all other claims." <u>Tippett</u>, 569 A.2d at 1190. Plaintiffs here claim adverse possession against Deutsche Bank, which, until the foreclosure in 2017, was merely the mortgagee. But a mortgagor and mortgagee cannot be hostile to one another until one party repudiates the relationship, such as if the mortgagor defaults and the mortgagee forecloses on the property. <u>See</u> <u>Vowell v. Thompson</u>, 3 D.C. 428, 428 (1829) ("[U]ntil actual foreclosure or sale, the mortgagor is, in equity, considered as the owner of the property."); <u>see also</u> 3 Am. Jur. § 213 (2d ed. 2018) ("As a general rule, the possession of a mortgagor or an assignee of the mortgagor cannot be adverse to the rights and estate of the mortgagee . . .[s]o long as the relation[ship] of mortgagor and mortgagee is recognized between the parties."). In other words, the earliest time at which Defendants could

5

have been adverse to Plaintiffs is 2017, when the Superior Court approved the foreclosure. Prior to that time, because "the mortgage conveys nothing in the land," Defendants were "only considered as a trustee, and the mortgage [] but a security for the money lent." Vowell, 3 D.C. at 428; see also Restatement (Third) of Property § 4.1(a) ("A mortgage creates only a security interests in real estate and confers no right to possession of that real estate on the mortgagee."). Because Defendants could not have asserted ownership until one year ago, Plaintiffs cannot satisfy the 15-year statutory time period for adverse possession.

**IV.     Conclusion**

For the above reasons, the Complaint will be dismissed for failure to state a claim. A separate Order consistent with this Opinion will be issued this day.

*/s/ James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: May 14, 2018